HUTCHINSON *v.* WESTBROOK.

1. FRAUD—CHARGE—APPEAL AND ERROR—HARMLESS ERROR.

On the trial of an action for fraudulent representations made in exchanging certain real property, the trial court did not commit error in charging the jury that there were two remedies for fraud, one by rescinding the transaction and recovering any consideration received by the other party, the other by retaining what had been received and suing for the fraud; that it sometimes becomes impossible or impracticable to bring an action to rescind a contract for fraud, because the property has changed hands, etc.; and, while the charge did not state the law in a correct manner, and plaintiff could have brought his action for rescission even though defendant had disposed of the property, the statement did not harm the appellant, and merely amounted to an instruction that the plaintiff was properly in court in a sufficient form of suit or proceeding.

2. SAME—CHARGE—MEASURE OF DAMAGES.

But the court committed prejudicial error in charging that the measure of damages is the difference between the actual value of the land and the value that plaintiff thought it had because of the false representations: the correct measure of damages being the difference between the value as it had been represented and what it was actually worth.[1]

3. SAME—LACHES—LIMITATIONS.

No delay within the statute of limitations was sufficient to defeat the plaintiff's right of action for fraud and deceit.

4. EVIDENCE.

Evidence tending to vary the terms of a written contract should be excluded.

Error to Emmet; Shepherd, J. Submitted April 19, 1916. (Docket No. 50.) Decided June 1, 1916.

[1]For authorities passing upon the question of measure of damages for fraudulent representations in sale or exchange of real property, see notes in 8 L. R. A. (N. S.) 804; 16 L. R. A. (N. S.) 818.

Case by Andrew H. Hutchinson and another against D. Frank Westbrook for fraud and deceit in the exchange of certain real estate. Judgment for plaintiffs. Defendant brings error. Reversed.

*Halstead & Halstead,* for appellant.

*C. J. Pailthorp,* for appellees.

On March 5, 1914, plaintiffs, who resided in or near the city of Detroit, entered into a contract with the defendant, who resided in Emmet county, Mich., by the terms of which the plaintiffs agreed to assign to defendant their interest under certain land contracts covering several lots in the vicinity of Detroit. They further agreed to pay to the defendant $500 on or before January 1, 1916, $1,000 on January 1, 1917, $1,000 January 1, 1918, and $1,000 January 1, 1919, with interest at the rate of 6 per cent. per annum to be paid January 1, 1915, and annually thereafter. In consideration of which defendant agreed to convey to the plaintiffs 120 acres of land lying in the township of Emmet. A supplemental agreement of the same date entered into between Hutchinson and Westbrook provided for the transfer to defendant Westbrook of two other lots, said Westbrook upon obtaining possession thereof to apply the value thereof, $850, after paying the incumbrance thereon and any expense borne by Westbrook to obtain possession, upon the last payment of the contract for the sale of the farm. Shortly after the execution of the contracts in question, plaintiffs followed defendant north to Emmet county and entered into possession of the farm. They continued in possession during the year 1914, and on February 18, 1915, brought their suit against defendant. In the meantime defendant had disposed of all the lots, except one assigned to him by plaintiffs as a part of the purchase price for

the farm. In this suit the contract between the parties is affirmed and plaintiffs seek to recover damages from defendant by reason of alleged false and fraudulent representations made by defendant to them touching the character of the soil, the timber, the conditions as to water, and the value of the farm sold to them by defendant. Defendant filed a plea of the general issue with notice of set-off. The case was submitted to the jury after a rather protracted trial, and a verdict was rendered in favor of plaintiffs over and above the set-off claimed by the defendant, in the sum of $1,450.70.

BROOKE, J. (*after stating the facts*). In his charge to the jury the court used the following language:

"Now, when a person has been defrauded in the purchase of either real or personal property, or in trading for it, he has two courses before him. In other words, as it has been stated, he has an election as to his remedy at law for the same. He may rescind the contract absolutely and restore the property to the party guilty of such fraud, and then sue for the consideration paid, or he may retain what he has received and bring an action to recover the damages occasioned by the fraud; but he cannot do both. He cannot take proceedings both in affirmance of the contract and also in rescission of the contract. In this case the plaintiffs affirm the contract and bring suit for damages alleged to have been sustained by them because of the alleged fraud.

"They had a right to do this, just as much right to bring an action in affirmance of the contract as they had a right to bring an action in rescission of the contract. Sometimes it becomes impossible or impracticable to bring an action to rescind a contract because of fraud, because the property may have changed hands, changed ownership. For instance in this case, if either party had disposed of any of the property and had disposed of it to people who were innocent, and acquired any of the property for a valuable consideration, knowing nothing of any claim of fraud, they could not be disturbed, and it would be impossible, therefore, to put the parties in the shape they were

originally in. So in such a case it would be impossible to rescind the contract, and the only alternative the plaintiffs would have left would be to bring the action that has been brought in this case; that is, a suit for the damages sustained by reason of the alleged fraudulent representations."

Error is assigned upon the latter portion of this excerpt commencing with the words "sometimes it becomes impossible.' While it may be true that the portion of the charge of which complaint is made is not strictly a proper statement of the law, and that plaintiff may bring an action in rescission of the contract, even though defendant has disposed of the property received by him, in which event the value of the property so disposed of could be recovered (9 Cyc. p. 433; 20 Cyc. p. 87), we are of opinion that the section of the charge quoted, taken as a whole, is not erroneous, for the reason that, after all, it amounts only to the statement that the plaintiffs were properly in court under the form of action selected by them.

Error is next assigned upon the charge of the court with relation to the measure of damages. Upon this point the court charged:

"The amount of damages that plaintiffs will be entitled to recover, if they are entitled to recover anything, is the difference between the value of the property purchased, had it answered the representations relied on by plaintiffs, and its value as it actually was.

"I will use figures altogether foreign to the figures used here, merely for the purpose of illustration. I fear that if I used the figures here you might think I intended to have you adopt them as correct. For instance, if I buy a piece of property in the city of Petoskey, and I, relying upon the representations of the vendor, believe that it is worth $20,000, when, as a matter of fact, it is worth only $10,000, then I am entitled to recover in an action brought of this kind, if I prove my facts in accordance with the rule laid down, the difference between $20,000 and $10,000, which would be $10,000, which I would be entitled to recover."

After the conclusion of the charge, questions were asked by certain of the jurors with reference to the measure of damages, in the course of his answers to which the court said:

"Now, it is a settled rule of law, in cases like this, the damages allowed the plaintiffs, if they are entitled to recover, is what, from the representations made, they believed the farm to be worth, and then subtract from that what the farm was actually worth, and there we have the damages."

Several assignments of error are based upon these instructions to the jury. The first statement of the court with reference to the measure of damages was correct. The illustration following that statement and the later statement contained in his answer to the jury are erroneous. In the late case of *Haener* v. *McKenzie* 188 Mich. 27 (154 N. W. 59), we said:

"The measure of damages in such a case, where there is no rescission, is the difference between the value of the premises had they been as represented and what they were actually worth. *Wegner* v. *Herkimer,* 167 Mich. 593 (133 N. W. 623)."

We are of opinion that the statement of the court that the measure of damages would be the amount of difference between what plaintiffs believed, from the alleged representations made, the farm to be worth, and what it actually was worth, was not only erroneous, but prejudicial.

Assignments 5 and 6 are based upon the refusal of the court to charge as requested by defendant. We are of opinion that neither request as tendered should have been given. While it is true that a party defrauded is bound to make complaint of the fraud without unreasonable delay, we are of opinion that plaintiffs in the case at bar are not to be charged with laches.

"We do not think that any delay within the statute of limitations can be urged in such a case as this. *Dayton* v. *Monroe*, 47 Mich. 193 (10 N. W. 196)." *Wegner* v. *Herkimer*, 167 Mich. 587 (133 N. W. 623).

The remaining assignments of error refer to the rulings of the court with reference to the admission or exclusion of testimony. It is unnecessary to consider them *seriatim*. It is sufficient to say that, so far as the witness Kelly was permitted to give testimony tending to vary the terms of the written contract, it should have been excluded. Upon a new trial these questions are not likely to arise.

For the error in the charge with reference to the measure of damages, the case is reversed, and a new trial ordered, with costs to appellant.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and PERSON, JJ., concurred. BIRD, J., did not sit.